**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |
|---|
| CONVERGEONE, INC., |
| Plaintiff, |
| v. |
| AMEREAM, LLC, |
| Defendant. |

Before: Leo M. Gordon, Judge

Court No. 2:24-cv-07445

**ORDER APPOINTING SPECIAL MASTER**

## I.      Scope of Order

1. <u>Appointment of Special Master</u>. Pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court, the Court hereby appoints Daniel Garrie as Special Master to assist the Court in this litigation.

> Daniel Garrie  - daniel@lawandforensics.com
> JAMS
> 555 W. 5th St, 32nd Floor, Los Angeles CA 90013
> (855) 529-2466

## II.      Basis for Appointment under Rule 53(a) and 53(b)(1)

2. <u>Basis for Appointment</u>. The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), assist and oversee the parties' exchange of electronically stored information ("ESI") during the course of discovery, and to address other discovery-related pretrial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

3. <u>No Grounds for Disqualification</u>. Pursuant to Rule 53(a)(2), the Special Master will file an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties will notify this Court immediately if they become aware of any potential grounds that would require disqualification.

4. <u>Fairness Considerations</u>. Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties. Moreover, the parties consented to the Special Master's appointment and agreed to arrange the Special Master's compensation, as discussed in paragraph 12 herein. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and the parties' counsel.

5. <u>Proper Notice Given to All Parties</u>. Pursuant to Rule 53(b)(1), the Court gave all parties notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such appointment before issuing this Order.

**III.    Special Master' Duties, Authority, and Compensation**

6. <u>Diligence</u>. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties in this action.

7. <u>Scope of Special Master's Duties</u>. Pursuant to Rule 53(b)(2)(A), the Special Master will assist the Court with matters such as case management, assisting the parties with developing an ESI protocol and overseeing the exchange of ESI during the course of discovery, scheduling orders, discovery-related motion practice – and discovery disputes and other discovery-related matters that the Court may assign to the Special Master; and will perform any and all other duties assigned to him by the Court (as well as any ancillary acts required to fully carry out those duties). The Court will retain sole authority to issue final rulings on matters formally submitted for adjudication. The Court has reviewed legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. Consistent with this legal authority, the currently anticipated needs of the Court, and the parties' consent, the Court states that the Special Master will have the authority to perform the following duties:

(a) Assist with preparation for attorney conferences (including formulating agendas), court scheduling, and negotiating changes to the case management order;

(b) Establish discovery and other schedules, review and attempt to resolve informally any discovery conflicts (including issues such as privilege, confidentiality, and access to records), and supervise discovery;

(c) Oversee management of docketing, including the identification and processing of matters requiring court rulings;

Court No. 2:24-cv-07445                                                    Page 4

(d) Direct, supervise, monitor, and report upon implementation and compliance with the Court's orders, and make findings and recommendations on remedial action if required;

(e) Make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to this action, as ordered by the Court;

(f) Make periodic status reports to the Court;

(g) Communicate with parties and attorneys as needs may arise in order to permit the full and efficient performance of these duties;

(h) Monitor depositions and other proceedings as required; and

(i) Engage in ex parte communications with the Court regarding non-substantive issues.

8. <u>Scope of Special Master's Authority</u>. The Special Master will have the authority provided in Rule 53(c), as limited by Paragraphs 2 and 7, above.

9. <u>Procedure for Motions Submitted to Special Master</u>.

a) **Bringing Disputes Before Special Master:** The parties are to meet and confer in good faith to attempt to resolve any disputes within the scope of the Special Master's appointment. If the parties are unable to resolve the dispute, the parties are to raise the dispute with the Special Master in a joint statement, not to exceed two pages, summarizing the parties' positions and requesting leave to brief the issues. The Special Master may rule on any issues without briefing

Court No. 2:24-cv-07445                                                      Page 5

or hold a hearing to resolve the issues, as appropriate, at his discretion. Otherwise, the Special Master will set a briefing schedule for any issues requiring briefing. The Special Master will issue an order on the briefed issues within a reasonable timeframe. The parties may not deviate from the specifications set forth herein without leave of the Special Master.

b) **Format:** Moving and opposing papers must be double spaced on pleading paper not to exceed 15 pages exclusive of declarations and other admissible evidence. No submission may contain argument in footnotes or declarations. Reply briefs are not to exceed 10 pages. Neither party is permitted to submit new evidence in a reply brief.

c) **Oral Argument**: If either party requests oral argument, it must be stated in the caption of the moving or opposing papers. At the request of the Special Master, a party shall make available a subject matter expert to clarify any technical issues identified by the Special Master.

10. <u>Ex Parte Communications</u>. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, regarding logistics, the nature of the Special Master's duties, management of the litigation, and other appropriate procedural matters, and also to assist the Court with legal analysis of the parties' submissions. The Special Master may communicate ex parte with any party or party's attorney, as the Special Master

deems appropriate, for the purposes of ensuring the efficient administration and management and oversight of this case, and for the purpose of mediating or negotiating a resolution of any dispute related to this case. The Special Master will not communicate to the Court any substantive matter the Special Master learned during an ex parte communication between the Special Master and any party.

11.    Preservation of Materials and Preparation of Record. Pursuant to Rule 53(b)(2)(C), the Special Master will maintain orderly files consisting of all documents submitted to them by the parties and all written orders, findings, and recommendations by the Special Master. Pursuant to Rule 53(d) and 53(e), the Special Master will file any written orders, findings, and recommendations with the Court via ECF. Such filing will fulfill the Special Master's duty to serve written orders, findings, and recommendations on the parties. Any records of the Special Master' activities other than written orders, findings, and/or recommendations will be filed in accordance with paragraph 16 herein.

12.    Compensation. Pursuant to Rule 53(b)(2)(E) and 53(g), the parties will compensate the Special Master for services in this action at the rate and under the terms currently charged by the Special Master for equivalent services.

- Special Master Daniel Garrie will bill at a rate of $750/hour with an initial non-refundable case management fee of $750/party plus 13% of Professional Fees assessed by JAMS.
- Special Master Daniel Garrie may also use a clerk at his discretion at a rate of $500/hour.

The parties will bear the costs of any work performed by the Special Master for or related to both parties, or any communications by the Special Master to or with both parties, jointly; provided, however, that the costs of any work performed by the Special

Court No. 2:24-cv-07445                                                          Page 7

Master to assist either party individually, or any communications by the Special Master with either party individually, shall be borne exclusively by that party.

Plaintiffs and Defendants shall jointly designate forthwith a single contact person authorized to receive statements and make payment for services rendered by the Special Master. The Special Master will incur only such fees and expenses as may be reasonably necessary to fulfill their duties under this Order, or such other orders as the Court may issue. From time to time, on approximately a monthly basis, the Special Master will submit to the Court an Itemized Statement of fees and expenses, which the Court will inspect carefully for regularity and reasonableness. Because these Itemized Statements may reveal confidential communications between the Special Master and the Court, the Court will maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel. The Special Master shall attach to each Itemized Statement a Summary Statement, which will not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. The parties shall then remit to the Special Master their share of any Court-approved amount, within thirty (30) calendar days of Court approval. The Special Master may charge administration fees for case management in addition to hourly fees.

13. Special Master's Reports to Court. Pursuant to Rule 53(e), the Special Master will report to the Court as directed by the Court and will file the report via ECF, unless the Court orders otherwise.

Court No. 2:24-cv-07445                                                    Page 8

### IV.    Action on Special Master's Orders, Reports, or Recommendations

14. <u>Scope of Section</u>. Pursuant to Rule 53(b)(2)(D) and 53(f), the procedures described in paragraphs 15 through 18 herein will govern any action on the Special Master's orders, reports, and recommendations.

15. <u>Time Limits for Review</u>. Any party wishing to file objections to or a motion to adopt or modify the Special Master' orders, reports, or recommendations must file such objections or motion with the Court no later than twenty-one (21) days from the day the Special Master filed the order, report, or recommendation via ECF.

16. <u>Filing the Record for Review</u>. The party filing the objection or motion will submit with such objection or motion any record necessary for the Court to review the Special Master' order, report, or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, or recommendation. Failure to provide the record will constitute grounds for the Court to overrule the objection or deny the motion.

17. <u>Standard for Court Review</u>. As provided in Rule 53(f)(3) - 53(f)(5), the Court will decide de novo all objections to findings of fact or conclusions of law made or recommended by the Special Master; and the Court will set aside a ruling by the Special Master on a procedural matter only for an abuse of discretion. The Court will retain sole authority to issue final rulings on matters formally submitted for adjudication, unless otherwise agreed by the parties, and subject to waiver of objection to written orders, reports or recommendations.

18. <u>Court Actions on Special Master's Orders</u>. Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendation of the Special Master, the Court will give each party notice and an opportunity to be heard; in its discretion, may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, resubmit to the Special Master with instructions, or make any further orders it deems appropriate.

<u>/s/ Leo M. Gordon</u>
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: March 25, 2025
       Newark, New Jersey